IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBRA J. LINDERMAN and**<br>**DAN A. LINDERMAN**<br>**6102 Kearney Avenue**<br>**Lincoln, NE 68507**<br><br>**and**<br><br>**DIANE M. PETRY**<br>**7335 Pioneers Boulevard, No. 210**<br>**Lincoln, NE 68506**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**ELI LILLY AND COMPANY**<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285**<br><br>**Defendant.** | **CIVIL ACTION** _____<br><br>**SUPERIOR COURT NO. 2007-CA-000793-B**<br><br>**DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

**DEFENDANT ELI LILLY AND COMPANY'S**
**ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1.      Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2.      In response to the allegations contained in Paragraph 2 of the Complaint,

Lilly states that it did sell and distribute DES in the District of Columbia. Lilly also states that it is doing business in the District of Columbia and that the U.S. Food and Drug Administration ("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning the alleged relationship between Debra J. Linderman and Diane M. Perry and their alleged diagnoses. To the extent a response is required, however, Lilly denies this allegation. Lilly denies all other allegations in paragraph 3 of the Complaint.

## COUNT I – NEGLIGENCE (DEBRA J. LINDERMAN)

4.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations in paragraph 4 of the Complaint.

5.     Lilly denies the allegations contained in Paragraph 5 of the Complaint.

6.     Lilly denies the allegations contained in Paragraph 6 of the Complaint.

## COUNT II - STRICT LIABILITY (DEBRA J. LINDERMAN)

7.     Lilly repeats and realleges its answers in Count I above.

8.     Lilly denies the allegations in Paragraph 8 of the Complaint.

9.     Lilly denies the allegations contained in Paragraph 9 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 9 of the Complaint.

2322830v2

10.     Lilly denies the allegations in Paragraph 10 of the Complaint.

11.     Lilly denies the allegations in Paragraph 11 of the Complaint.

12.     Lilly denies the allegations in Paragraph 12 of the Complaint.

13.     Lilly denies the allegations in Paragraph 13 of the Complaint.

14.     Lilly denies the allegations in Paragraph 14 of the Complaint.

## COUNT III - BREACH OF WARRANTY (DEBRA J. LINDERMAN)

15.     Lilly repeats and realleges its answers in Counts I and II above.

16.     Lilly denies the allegations contained in Paragraph 16 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

17.     Lilly denies the allegations in Paragraph 17 of the Complaint.

18.     Lilly denies the allegations in Paragraph 18 of the Complaint.

19.     Lilly denies the allegations in Paragraph 19 of the Complaint.

## COUNT IV – LOSS OF CONSORTIUM (DAN A. LINDERMAN)

20.     Lilly repeats and realleges its answers in counts I, II, and III above.

21.     Lilly denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT V – NEGLIGENCE (DIANE M. PETRY)

22.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 concerning the alleged prescription, purchase and ingestion of diethylstilbestrol.  To the extent a response is required, however, Lilly denies such allegations.  Lilly denies all other allegations in paragraph 22 of the Complaint.

23.     Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24.     Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT VI - STRICT LIABILITY (DIANE M. PETRY)

25.    Lilly repeats and realleges its answers in Count V above.

26.    Lilly denies the allegations in Paragraph 26 of the Complaint.

27.    Lilly denies the allegations contained in Paragraph 27 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES.  Except as already stated, Lilly denies the allegations contained in Paragraph 27 of the Complaint.

28.    Lilly denies the allegations in Paragraph 28 of the Complaint.

29.    Lilly denies the allegations in Paragraph 29 of the Complaint.

30.    Lilly denies the allegations in Paragraph 30 of the Complaint.

31.    Lilly denies the allegations in Paragraph 31 of the Complaint.

32.    Lilly denies the allegations in Paragraph 32 of the Complaint.

## COUNT VII - BREACH OF WARRANTY (DIANE M. PETRY)

33.    Lilly repeats and realleges its answers in Counts V and VI above.

34.    Lilly denies the allegations contained in Paragraph 34 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature.

35.    Lilly denies the allegations in Paragraph 35 of the Complaint.

36.    Lilly denies the allegations in Paragraph 36 of the Complaint.

37.    Lilly denies the allegations in Paragraph 37 of the Complaint.  Further answering, Lilly denies that Plaintiffs are entitled to judgment of any kind against Lilly.

## PREAMBLE TO AFFIRMATIVE DEFENSES

2322830v2

Lilly reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## AFFIRMATIVE AND OTHER DEFENSES

Lilly reserves the right to amend its Answer and/or amend or add defenses to conform to such facts as may be revealed in discovery or otherwise. Without assuming the burden of proof of such defenses that it would not otherwise have, Lilly affirmatively asserts the following defenses:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

## THIRD DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Lilly had no control.

## FOURTH DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to diethylstilbestrol.

## FIFTH DEFENSE

- 5 -

2322830v2

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## SIXTH DEFENSE

Plaintiffs' claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement (Second) of Torts, Section 402A, comments j and k, and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

## SEVENTH DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating diethylstilbestrol and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time diethylstilbestrol was manufactured.

## EIGHTH DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of diethylstilbestrol outweighed any foreseeable risks of harm.

## NINTH DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## TENTH DEFENSE

The claims set forth in the Complaint are barred because Lilly breached no warranty, express or implied, to Plaintiffs.

## ELEVENTH DEFENSE

2322830v1

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## TWELFTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by Plaintiffs' mother was properly prepared in accordance with the applicable standard of care.

## THIRTEENTH DEFENSE

Plaintiffs' alleged damages were not caused by any failure to warn on the part of Lilly.

## FOURTEENTH DEFENSE

To the extent applicable, Lilly specifically asserts the defenses of comparative negligence and comparative assumption of risk. To the extent that Lilly contributed to Plaintiffs' damages, if any, then Lilly asserts the application of the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-121,185.07 to - 121,185.12. In the event that Lilly is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Lilly reserves its right of contribution to the extent that it has to pay more than Lilly's pro rata share of the common liability consistent with the provisions set forth in the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-21,185.10 and other applicable law.

## FIFTEENTH DEFENSE

Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

## SIXTEENTH DEFENSE

To the extent applicable, Lilly is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

### SEVENTEENTH DEFENSE

The design, testing, and labeling of diethylstilbestrol was in conformity with the generally recognized and prevailing state of the art, i.e., the best technology reasonably available in the industry at the time diethylstilbestrol was first sold to any person not engaged in the business of selling such product. Plaintiffs' claims are therefore barred pursuant to Neb. Rev. Stat. § 25-21,182 and other applicable law.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the Nebraska Product Liability Act, Neb. Rev. Stat. § 25-21,180 to -21,182.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs were, or should have been, aware of the known risks associated with the use of diethylstilbestrol.

### TWENTIETH DEFENSE

Lilly denies that it is liable for any damages in this case. Lilly contends, however, that any damage award to Plaintiffs that utilizes the Nebraska joint and several liability scheme would be unconstitutional, as this scheme is violative of Lilly's due process and equal protection guarantees under the United States and Nebraska Constitutions. The Nebraska joint and several liability scheme violates Lilly's due process guarantees because it is supported by no legitimate state interest, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Nebraska joint and several liability scheme. Additionally, the Nebraska

2322830v2

system of assessing joint and several liability violates Lilly's equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Nebraska Constitutions. Thus, the scheme is unconstitutional and should not be applied in this action.

### TWENTY-FIRST DEFENSE

Plaintiffs' Complaint is defective in that Plaintiffs have failed to join indispensable parties.

### TWENTY-SECOND DEFENSE

Plaintiffs failed to give adequate or timely notice to Lilly of any alleged breach of warranty after Plaintiffs discovered or should have discovered such alleged breach and is, therefore, barred from any recovery for such claims.

### TWENTY-THIRD DEFENSE

Should Lilly be held liable, which liability is specifically denied, Lilly would be entitled to a set-off of all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred because Lilly complied with all applicable statutes and with the requirements and regulations of the FDA.

### TWENTY-FIFTH DEFENSE

Plaintiffs did not rely on any express or implied warranty.

### TWENTY-SIXTH DEFENSE

Plaintiffs' breach of warranty claims are barred by the Uniform Commercial Code as enacted in Nebraska.

## JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiffs' Complaint, Lilly prays as follows:

1.     That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2.     That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2322830v2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2007, a true and accurate copy of Defendant Eli Lilly and Company's Answer to Plaintiffs' Complaint has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036

**Attorneys for Plaintiffs**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

- 11 -

2322830v2